# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL McKINZY, Sr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERSTATE BRANDS CORP. ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 10-2159-MLB-DWB |

## ORDER ON IFP STATUS

Plaintiff Michael E. McKinzy, Sr. filed his Complaint against Defendant on March 24, 2010, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. (Doc. 1.) Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application), which includes an Affidavit of Financial Status. (Docs. 3, 3-1 sealed.) Having reviewed Plaintiff's motion, as well as his Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to the supporting financial affidavit, Plaintiff is a 41 year old divorced male. (Doc. 3-1, sealed, at 1-2.) He is currently unemployed but was previously employed by Fed Ex Ground, making a modest weekly wage. (*Id*., at 2-3.) He denies receiving unemployment benefits during the past year, but lists $200.00 under welfare payments.[1] (*Id*., at 4.)

Plaintiff owns no real property, but does own one modest vehicle. (*Id*., at 3, 4.) He enumerates reasonable monthly expenses, including a modest rental payment, groceries, and electricity. (*Id*., at 5.) He also lists other monthly

---

[1] The Court is unable to determine if this is an aggregate or monthly amount.

expenses, including child support and spousal support. (*Id*., at 6.) He lists no cash on hand or other assets, but has not previously filed for bankruptcy. (*Id*., 4, 6.)

Considering all of the information contained in the financial affidavit, it would appear that Plaintiff's monthly expenses greatly exceed his income, which, at most, consists of a modest monthly welfare payment. His financial affidavit provides no explanation as to how he deals with this monthly monetary shortfall. Regardless, Plaintiff has established that he has significant yet reasonable monthly expenses with little to no income. Given his notable financial shortfall, the Court finds that Plaintiff's access to the Courts would otherwise be seriously impaired and that he is entitled to file this action without payment of fees and costs. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed

---

[2] The Court notes that Plaintiff has filed approximately sixteen civil actions in this District in the past two years and that in one recent case assigned to this magistrate judge, *McKinzy v. Unified Government of Wyandotte County/Kansas City, KS*, 09-2199-EFM-DWB, there are two pending motions for sanctions (Doc. No's 32 & 48) alleging that Plaintiff failed to appear for a scheduled deposition. In granting this motion for IFP status, the Court reminds Plaintiff that he is required to abide by all federal and local rules and all deadlines set by the Court, and that his failure to do so may result in the imposition of sanctions, including requests that his case be dismissed.

Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case at the address shown in the caption of the Complaint. (Doc. 1.)

Dated at Wichita, Kansas, on this 26th day of April, 2010.

s/ Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge