**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

MICHAEL E. MCKINZY, SR.,   )
                           )
             Plaintiff,    )    **CIVIL ACTION**
                           )
v.                         )    No. 10-2159-MLB
                           )
INTERSTATE BRANDS CORPORATION, )
                           )
             Defendant.    )
_____)

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for sanctions (Doc. 17). On July 19, 2010, Magistrate Judge Bostwick entered a show cause order (Doc. 21) directing plaintiff to show good cause in writing by July 30, 2010, why defendant's motion for sanctions should not be granted as an uncontested motion pursuant to D. Kan. Rule 7.4 due to plaintiff's failure to file a timely response. The time for responding to this order has passed without any filing from plaintiff.

**Facts and Procedural History**

Plaintiff is a forty-one year old African American who currently resides in Kansas. In May 2008, plaintiff was hired by defendant as a maintenance engineer. Plaintiff resigned from his position in October 2008.[1] In March 2009, defendant posted job vacancies for the position of maintenance engineer and "other" positions at its plant

---

[1] Plaintiff filed an action against defendant in late 2008 alleging claims of discriminatory discharge and racially hostile work environment. McKinzy v. Interstate Brands Corp., Case No. 08-2649-CM. Plaintiff's case was dismissed on September 28, 2009, after he disregarded orders of this court and failed to appear for his deposition. Case No. 08-2649-CM, Doc. 89.

in Lenexa, Kansas. Plaintiff submitted online applications for the position of maintenance engineer and the "other" positions. Plaintiff was qualified for the positions he applied for. Plaintiff was interviewed by defendant but did not receive an offer of employment. Defendant hired more than twenty Caucasian applicants for its positions. Defendant also had additional vacancies for the maintenance engineer positions and other positions on or about January 2010. Plaintiff filed this action alleging claims under 42 U.S.C. § 1981, Title VII and the KAAD.

On May 25, 2010, plaintiff moved for summary judgment against defendant. On May 28, defendant moved for dismissal of plaintiff's claims. On June 9, 2010, defendant moved for sanctions. (Doc. 17). Plaintiff has failed to respond to defendant's motion to dismiss and motion for sanctions.

**Analysis**

Plaintiff is a frequent filer in this district and has filed a total of sixteen actions. Almost all of plaintiff's cases have been based on allegations which are similar to this case. Plaintiff has also filed at least twenty other similar cases in the Western District of Missouri.[2] In both the District of Kansas and the Western District of Missouri, plaintiff has been sanctioned for failing to comply with court orders and discovery. Plaintiff apparently has not learned his lesson. Plaintiff has also been admonished by the Tenth Circuit for filing frivolous appeals which resulted in restrictions against his

---

[2] Recently, the judges of the Western District of Missouri have consistently denied plaintiff's application for in forma pauperis status.

future filings in the circuit.  <u>McKinzy v. Kansas City Power & Light Co.</u>, No. 09-3241, 2010 WL 661260 (10th Cir. Feb. 25, 2010).

"The Federal Rules of Civil Procedure authorize sanctions, including dismissal . . . for failing to comply with court rules or any order of the court." <u>Gripe v. City of Enid, Okl.</u>, 312 F.3d 1184, 1188 (10th Cir. 2002).  Plaintiff has been ordered by Magistrate Bostwick to show cause why he has failed to respond to defendant's motion for sanctions and he has not done so.  Magistrate Bostwick notified plaintiff that the failure to respond could result in the dismissal of his case.  Out of an abundance of caution, this court will give plaintiff one more opportunity to respond to defendant's motion for sanctions and motion to dismiss.  If plaintiff has not responded to defendant's motion for sanctions and the pending motion to dismiss by August 23, 2010, his case will be dismissed, with prejudice, without further notice.  Responses which are not fully compliant with the Federal Rules of Civil Procedure and the rules of this court will be stricken.

Should plaintiff attempt to file a new case which is assigned to the undersigned judge, the clerk is directed <u>not</u> to file the case, regardless whether plaintiff has paid the filing fee, unless and until the complaint is presented to the undersigned and filing is authorized.  In the event a complaint is inadvertently filed, it shall be stricken from the docket.

IT IS SO ORDERED.

Dated this   10th   day of August 2010, at Wichita, Kansas.

-3-

s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE